UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA D. FRANKLIN,

    Plaintiff,

v.                                            Case No. 4:23-cv-245-MW/MJF

SECURUS TECHNOLOGIES, LLC,
*et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Joshua D. Franklin, FDC# Q22579, has filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Franklin is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the undersigned respectfully recommends that this case be dismissed without prejudice.

## I. BACKGROUND

Franklin is an inmate of the Florida Department of Corrections ("FDC") currently confined at the Florida State Prison. Doc. 1-1 at 5. Franklin is suing (1) Ricky D. Dixon, the Secretary of the FDC; (2) Securus Technologies, LLC ("STL"); and (3) "Jpay, Inc." Doc. 1 at 3. According to Franklin, STL recently purchased "Jpay, Inc.," the company that contracted with the FDC to provide inmates with tablets. *Id.*

Franklin alleges that Dixon violated the First and Fourteenth Amendments because the FDC adopted rules that "violate the correspondence rights of prisoners and [their] family members and friends." *Id.* at 3–4; Doc. 1-1 at 2–4. As to STL and "Jpay, Inc.," Franklin alleges that they violated the First Amendment by replacing Franklin's previous tablet with a new tablet that does not have music that Franklin purchased and that will not send messages. Doc. 1 at 3. As relief, Franklin requests damages and injunctive relief. *Id.* at 4.

## II. Discussion

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting that a "prisoner must pay the full filing fee at the time he initiates suit") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). But there is a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Franklin has incurred at least three strikes under section 1915(g):

- *Franklin v. Sec'y, Fla. Dep't of Corr.*, No. 3:22-cv-699-BJD-JBT, ECF No. 5 (M.D. Fla. July 19, 2022) (dismissing Franklin's complaint because he failed to state a plausible claim for relief);

- *Franklin v Fla. Dep't of Corr.*, No. 3:22-cv-758-BJD-LLL, ECF No. 3 (M.D. Fla. July 13, 2022) (dismissing Franklin's complaint because he failed to state a plausible claim for relief); and

- *Franklin v. Doe*, No. 4:22-cv-258-AW/MJF, ECF No. 15 (N.D. Fla. Nov. 12, 2022) (dismissing Franklin's second amended complaint because it was frivolous).

Because he has incurred *at least* three strikes, Franklin may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Franklin's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Franklin's allegations, construed liberally, fail to make a colorable showing that he is under imminent danger of serious physical injury. Indeed, Franklin's

allegations center around the new tablet he received from STL and the FDC's rules that allegedly "violate the correspondence rights of prisoners and [their] family members and friends." Doc. 1 at 3–4; Doc. 1-1 at 2–4. As an attempt to circumvent the imminent-danger requirement, Franklin alleges that he is "in imminent danger as certain biological technology was placed into [his] body by the State of Florida and its manufacturing contractor which is being used to cause [his] death in the same manner it was used to cause the deaths of other COVID-19 Victims of Death." Doc. 1-1 at 1–2 (errors in original). This single allegation is too vague—and fanciful—to plausibly suggest that Franklin is in imminent danger of serious physical injury. *Hafed*, 635 F.3d at 1179; *Martin*, 319 F.3d at 1050.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice to Franklin initiating a new case accompanied by the $402.00 fee in its entirety.

2. **DIRECT** the clerk of the court to terminate all pending motions and to close this case file.

At Pensacola, Florida, this 9th day of June, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

Page 4 of 5

## **NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**